# EXHIBIT A

# Elysa Effner

| | |
|---|---|
| **From:** | Nicholas T. Matich |
| **Sent:** | Wednesday, March 9, 2022 7:49 AM |
| **To:** | Bernstein, David H. |
| **Cc:** | USFL-Fox-MS; USFL; wml@lanierlawfirm.com; Alex J. Brown; Zeke DeRose; 'Patrick F. Philbin'; Pat Cipollone |
| **Subject:** | The Real USFL v. Fox Meet and Confer |
| **Attachments:** | Letter to Debevoise re Meet and Confer 4878-8859-1892 v.1.pdf |

Good morning David,

Please see attached a proposal for a meet and confer pursuant to the court's order yesterday.  We can be available at your earliest convenience.

Best,
Nick

**Nicholas T. Matich** | Principal | McKool Smith
1999 K Street, NW, Suite 600, Washington, DC 20006
Main: 202-370-8300
Desk: 202-370-8301
Mobile: 703-863-7922

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL.  It is intended only for the individual or entity designated above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.

# McKool Smith

Nicholas Matich
Direct Dial: (202) 370-8301
nmatich@McKoolSmith.com

1999 K Street, NW
Suite 600
Washington, D.C. 20006

Telephone: (202) 370-8300
Facsimile: (202) 370-8344

March 9, 2022

**VIA EMAIL**

David H. Bernstein
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
212-909-6000
dhbernstein@debevoise.com

RE:   *The Real USFL LLC v. Fox Sports Inc., et al.*, 2:22-cv-01350 (C.D. Cal.)

Dear Mr. Bernstein:

Relative to yesterday's order from the court, we are available to meet and confer regarding the Real USFL's proposed motion at your earliest convenience. In an effort to narrow the issues, we propose discussing at least the following:

- Any priority date Defendants claim for their asserted rights in marks associated with the USFL league.

- Any priority date Defendants claim for their asserted rights in marks associated with USFL teams including the Panthers, Generals, Stars, Maulers, Stallions, Breakers, Gamblers, and Bandits.

- Whether sales by the Real USFL's licensee, American Classics, establish trademark priority to at least 2011 for all relevant marks.

- Whether the marks now claimed by Defendants, including Reg. No. 4165542, were filed to "utilize [the USFL's] historical legacy to bring quick brand identity to football fans."

- Whether Defendants have any evidence supporting the Section 8 and Section 15 affidavits filed for their registrations, including business records of the "United States Football League, LLC."

- What, if any, basis Defendants have for claiming a right to "bring back" the USFL, to authorize its "return," or to make similar such statements.

McKool Smith
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington

4878-8859-1892

March 9, 2022
Page 2

- Whether consumers are likely to believe that Defendants' league and claimed marks are related to the USFL that played in the 1980s.

- Whether a perceived connection to the USFL that played in the 1980s is material to consumers.

- What, if any, basis Defendants have for claiming that any Real USFL's assignors abandoned their rights.

- Whether Defendants contend that abandonment or lack of trademark ownership is a defense to a claim of false advertising or false association.

- Whether Defendants dispute that the Real USFL will lose control of its brand and identity if Defendants pursue their business plans and such loss of control constitutes irreparable injury.

- Whether a trademark may be declared unenforceable and registrations canceled if used to deceive as to the source of the goods. 15 U.S.C. § 1064(3); *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 219CV02702VAPJEMX, 2020 WL 8514835 (C.D. Cal. Sept. 3, 2020); Restatement (Third) of Unfair Competition § 32 (1995); *Clinton E. Worden & Co. v. California Fig Syrup Co.*, 187 U.S. 516, 528 (1903).

- Whether Defendants have any legal authority contrary to *AECOM Energy & Constr., Inc. v. Ripley,* No. 217CV05398RSWLSS, 2017 WL 4326373 (C.D. Cal. Sept. 28, 2017), *aff'd sub nom.*, 748 F. App'x 115 (9th Cir. 2018); Restatement (Third) of Unfair Competition § 30 cmt. a (1995); and *Peter Luger Inc. v. Silver Star Meats Inc.*, No. CIV.A.01-1557, 2002 WL 1870066 (W.D. Pa. May 17, 2002) or any argument why the Court should not follow those authorities here.

- When Defendants became aware of the rights of any of the Real USFL's assignors.

- Whether Defendants' knowledge of third party rights favors an injunction.

- Whether "[t]he public interest favors a preliminary injunction where, as here, the plaintiff has shown a likelihood of confusion." *Fiji Water Co., LLC v. Fiji Mineral Water USA, LLC*, 741 F. Supp. 2d 1165, 1183 (C.D. Cal. 2010).

- What basis Defendants had for continuing their plans for their league with the knowledge of the Real USFL's rights.

Please let us know if Defendants have any other issue of fact or law to discuss or believe that there is any basis for denying the Real USFL's motion that is not covered by the above topics.

Regards,
Nicholas Matich

4878-8859-1892

March 9, 2022
Page 3

Copies to:

Mark Lanier
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
Mark.Lanier@LanierLawFirm.com

Alex J. Brown
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
alex.brown@lanierlawfirm.com

4878-8859-1892