1  Kirk Dillman (SBN 110486)
   kdillman@mckoolsmithhennigan.com
2  M. Storm Byrd (SBN 319387)
   sbyrd@mckoolsmithhennigan.com
3  MCKOOL SMITH HENNIGAN, P.C.
   300 South Grand Avenue, Suite 2900
4  Los Angeles, California 90071
   Telephone: (213) 694-1200
5  Facsimile: (213) 694-1234

6  Nicholas T. Matich (admitted *pro hac vice*)
   nmatich@mckoolsmith.com
7  MCKOOL SMITH P.C.
   1999 K Street, NW, Suite 600
8  Washington, DC 20006

9  Mark Lanier (admitted *pro hac vice*)
   wml@lanierlawfirm.com
10 Alex J. Brown (admitted *pro hac vice*)
   alex.brown@lanierlawfirm.com
11 Zeke DeRose III (admitted *pro hac vice*)
   THE LANIER LAW FIRM
12 6810 FM 1960 West
   Houston, TX 77069
13
   *Attorneys for Plaintiff*
14 *The Real USFL, LLC*

15 *Additional counsel on the inside page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE REAL USFL, LLC, a New York limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>FOX SPORTS, INC, a Delaware corporation; THE SPRING LEAGUE, LLC, a Delaware limited liability company; USFL ENTERPRISES, LLC, a Delaware limited liability company; FOX CORPORATION, a Delaware corporation; FOX SPORTS 1, LLC, a Delaware limited liability company; FOX SPORTS 2, LLC a Delaware limited liability company; | Case No. 2:22-cv-1350-JFW (MARx)<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      April 18, 2022<br>Time:      1:30 p.m.<br>Crtrm:     7A<br>The Honorable John F. Walter<br>Trial Date: not set |

McKool Smith Hennigan, P.C.
Los Angeles, CA

| | |
|---|---|
| 1 | FOX SPORTS HOLDINGS, LLC a Delaware limited liability company; FOX SPORTS PRODUCTIONS, LLC a Delaware limited liability company; FOXCORP HOLDINGS, LLC a Delaware limited liability company; FOX MEDIA LLC, a Delaware limited liability company; FOX SPORTS INTERACTIVE MEDIA, LLC a Delaware limited liability company, |
| | Defendants. |

Joseph O. Slovacek (admitted *pro hac vice*)
slovacek@hooverslovacek.com
Hoover Slovacek LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, TX 77056

Eric B. Halper (admitted *pro hac vice*)
ehalper@mckooolsmith.com
John C. Briody (admitted *pro hac vice*)
jbriody@mckoolsmith.com
Radu A. Lelutiu (admitted *pro hac vice*)
rlelutiu@mckoolsmithlcom.com
Laura Baron (admitted *pro hac vice*)
lbaron@mckoolsmith.com
MCKOOL SMITH P.C.
395 Ninth Avenue, 50th Fl.
New York, NY 10001

Thomas J. Eisweirth (admitted *pro hac vice*)
teisweirth@mckoolsmith.com
MCKOOL SMITH P.C.
600 Travis Street
Suite 7000
Houston, TX 77002

**REQUEST FOR JUDICIAL NOTICE**

On March 28, 2022, Defendants submitted a Request for Judicial Notice in Support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, Dkt. No. 114 ("Defendants' Request"). In Defendants' Request, Defendants request that the Court take judicial notice of certain filings with the United States Patent and Trademark Office ("USPTO") that are incomplete records and therefore do not reflect the entire file with the USPTO. Accordingly, pursuant to Fed. R. Evid. 201 and the authority cited herein, Plaintiff The Real USFL LLC (the "Real USFL") hereby request that the Court take judicial notice of the following items:

- USPTO trademark registration and file history for Reg. No. 4165542, a true and correct copy of which was attached to the Declaration of Kirk ("Dillman Decl.") as Ex. 3;
- USPTO trademark registration and file history for Reg. No. 4808689, a true and correct copy of which was attached to the Dillman Decl. as Ex. 4;
- The February 2, 2021, assignment of interest from United States Football League, LLC to World Record Headquarters, Inc. ("WRH"), a true and correct copy of which was attached to the Dillman Decl. as Ex. 5;
- The April 12, 2021, assignment of interest from WRH to The Spring League, LLC ("TSL"), a true and correct copy of which was attached to the Dillman Decl. as Ex. 6;
- The January 4, 2022, assignment of interest from NSFL Enterprises Co., LLC to USFL Enterprises, LLC, a true and correct copy of which was attached to the Dillman Decl. as Ex. 7;
- The criminal complaint against Jaime Cuadra filed in the United States District Court for the Southern District of California criminal case number 13-CR-2298-H on June 24, 2013, a true and correct copy of which was attached to the Dillman Decl. as Ex. 27;

- The amended judgment against Jaime Cuadra filed in the United States District Court for the Southern District of California criminal case number 13-CR-2298-H on January 30, 2014, a true and correct copy of which was attached to the Dillman Decl. as Ex. 28;

**A.  Legal Standard**

Pursuant to Fed. R. Evid. 201(b), judicial notice is appropriate for facts "not subject to reasonable dispute" because they are either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice is mandatory upon request only where the Court is supplied with the necessary information.  *Id.* at (c)(2).

**B.  The Court Should Take Judicial Notice of the USPTO Registrations and File Histories Submitted by Plaintiff**

As noted, Defendants have requested the Court take judicial notice of certain incomplete USPTO filings.  Plaintiff therefore requests that the Court take judicial notice of the more complete exhibits submitted by plaintiff in the Dillman Decl. submitted in support of Plaintiff's Motion for Preliminary Injunction, Dkt. No. 83.

Federal courts routinely take judicial notice of trademark registrations and their file histories maintained by the USPTO. *See, e.g., Caiz v. Roberts*, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019) (taking judicial notice of mark's file history, downloaded from USPTO website); *Marketquest Group, Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1252 (S.D. Cal. 2018) (taking judicial notice of trademark registrations and file wrappers for the marks).  Therefore, because the file histories submitted by Plaintiff are matters of public record obtained from the USPTO's website, the Court should take judicial notice of Dillman Decl. Exhibits 3-7.

**C.  The Court Should Take Judicial Notice of the Filings in Jamie Cuadra's Federal Felony Criminal Case**

Similarly, federal courts routinely take judicial notice of court filings, including

1  criminal complaints and charging documents.  *See, e.g.*, *Reyn's Pasta Bella, LLC v.*
2  *Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice
3  of court filings and other matters of public record."); *Bentley v. Bureau of Alcohol,*
4  *Tobacco, Firearms, & Explosives*, 414 F. App'x 28, 30 (9th Cir. 2011) (taking judicial
5  notice of criminal conviction); *Sarpy v. Pulido*, No. ED CV 12–426–GAF (SP), 2013
6  WL 2898068, *3 (C.D. Cal. June 11, 2013) (taking judicial notice of first amended
7  information filed in party's state criminal case).

8    Mr. Cuadra, as the party that filed the challenged registrations, was convicted
9  for illegally using funds for use in his attempt to counterfeit the USFL.  Because these
10 documents are directly related to Plaintiff's claim, the Court should take judicial
11 notice of the information filed against Mr. Cuadra and the subsequent amended
12 judgment sentencing him to over three years in prison for his crimes filed as Exhibits
13 27 and 28, respectively, to the Dillman Decl.

## CONCLUSION

15   For the foregoing reasons, pursuant to Fed. R. Evid. 201, Plaintiff, the Real
16 USFL, respectfully requests that the Court take judicial notice of the above-referenced
17 documents.

19 DATED: April 4, 2022                    **MCKOOL SMITH HENNIGAN, P.C.**

20                                         By: */s/ Kirk D. Dillman*
21                                             Kirk D. Dillman
                                               *Attorneys for Plaintiff The Real USFL,*
22                                             *LLC*

McKool Smith Hennigan, P.C.
Los Angeles, CA